Tynesha **BELCHER**, Plaintiff–Appellant,

v.

**ELI LILLY & COMPANY**, Defendant–Appellee.

No. 09–5004–cv.

United States Court of Appeals, Second Circuit.

Oct. 4, 2010.

Lowell W. Finson, Phillips & Associates, Phoenix, AZ, for Plaintiff–Appellant.

Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, on the brief), Pepper Hamilton LLP, Philadelphia, PA, for Defendant–Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Tynesha Belcher appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Belcher, who suffers from schizophrenia, was prescribed Zyprexa continuously between November 1998 and 2006. In September 1999, Belcher was diagnosed with diabetes. Belcher asserts that Zyprexa caused her diabetes and that she would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo,* and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright,* 597 F.3d 532, 535–36 (2d Cir.2010).

The District Court concluded that Belcher's claim is time-barred pursuant to California's statute of limitations.[1] We agree.

■ Under California's "discovery rule," the two-year statute of limitations for product liability and personal injury ac-

---

1. It is undisputed that California's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring in California and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown,* 991 F.2d 36, 40 (2d Cir.1993) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

tions begins to accrue when the plaintiff "discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal.4th 797, 27 Cal. Rptr.3d 661, 110 P.3d 914, 919 (2005). In this case, Dr. Silverman of the Fairview Developmental Center testified that he prescribed Zyprexa to Belcher in October 2001, despite knowing about the association between Zyprexa and increased weight gain and blood glucose levels. Inasmuch as Dr. Silverman was also aware of the relationship between weight gain, high blood glucose levels and diabetes in 2001, the statute of limitations began to run at that time. As a result, the District Court correctly concluded that Belcher's claim against Eli Lilly was foreclosed by California's statute of limitations when it was filed in February 2006. *In re: Zyprexa Prods. Liab. Litig.*, Nos. 04–MD–1596, 06–CV–2782, 2009 WL 3597447, at *13 (E.D.N.Y. October 16, 2009).

■ Belcher's argument on appeal that the District Court erred in failing to permit the statute of limitations to toll pursuant to the commencement of a related class action against Eli Lilly, *see American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), is unavailing. As the District Court correctly noted, the statute of limitations for Belcher's claim expired in October 2003, *prior* to the filing of the class action claim, *Ortiz v. Eli Lily & Company*, No. 04–CV–1587 (E.D.N.Y.), in April 2004. *In re: Zyprexa Prods. Liab. Litig.*, 2009 WL 3597447, at *13–14. As a result, the commencement of the class action in *Ortiz* did not serve to toll Belcher's claim.

Accordingly, after *de novo* review, we hold, for substantially the reasons stated in the well-reasoned opinion of the District Court, *id.*, that Belcher's claim is time-barred pursuant to California's statute of limitations. The District Court did not err, therefore, in granting Eli Lilly's motion for summary judgment.

### CONCLUSION

We have considered each of Belcher's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.